**Daniel P. Larsen**, OSB #943645
E-mail:  dpl@aterwynne.com
**ATER WYNNE LLP**
1331 N.W. Lovejoy Street, Suite 900
Portland, OR  97209-3280
Tel:  503/226-1191; Fax:  503/226-0079

**James J. Ormiston** (*Pro Hac Vice*)
E-mail:  jormiston@grayreed.com
**Michael A. Ackal, III** (*Pro Hac Vice*)
E-mail:  mackal@grayreed.com
**GRAY REED & McGRAW LLP**
1300 Post Oak Boulevard, Suite 2000
Houston, TX  77056
Tel:  713/986-7000; Fax:  713/986-7100

Attorneys for Defendant Xzeres Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROBERT N. GARFF**, an individual; and **WILLIAM N. HAGLER**, as Trustee for the William N. & Jean S. Hagler Trust, a New Mexico Trust, | Case No. 3:18-cv-00360-MO |
| Plaintiffs, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |
| v. | |
| **XZERES CORP.**, a Nevada corporation, | |
| Defendant. | |

PAGE 1    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
          MEMORANDUM IN SUPPORT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3188947/6/DPL/108308-0003

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), counsel for Defendant Xzeres Corp. ("Xzeres") conferred with counsel for Plaintiffs Robert N. Garff ("Garff"), and William H. Hagler, as Trustee for the William N. & Jean S. Hagler Trust ("Hagler") (collectively, "Plaintiffs") regarding the filing of this Motion, and all issues contained herein, but were unable to resolve the dispute.

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Xzeres respectfully files this Motion for Summary Judgment. Specifically, Xzeres requests the Court dismiss Plaintiffs' declaratory judgment claims (first and second claims for relief), breach of contract claims (third and fourth claims for relief), and reformation claim (fifth claim for relief). This Motion for Summary Judgment is supported by Xzeres' accompanying Memorandum in Support of Motion for Summary Judgment, the declaration of Jeffrey Bittenbinder ("the Declaration"), and all exhibits attached to the Declaration.

## INTRODUCTION

Plaintiffs sued Xzeres for allegedly breaching contractual obligations that are not owed by Xzeres at this time. While they were Xzeres stockholders and members of Xzeres' board, each of the Plaintiffs made loans to Xzeres that were documented through promissory notes. After the loans were made and the promissory notes executed, Plaintiffs approved certain Xzeres business decisions in hopes of improving Xzeres' financial health, and in turn, benefitting Plaintiffs themselves. These actions included causing Xzeres to enter into a credit agreement with a bank, and later agreeing to, and facilitating, a merger of Xzeres with another company. As a condition of the merger, Plaintiffs agreed to extend the maturity and due dates of the promissory notes until after Xzeres paid off the bank debt from the credit agreement. Plaintiffs

PAGE 2    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
              MEMORANDUM IN SUPPORT

amended their promissory notes to reflect the extension and condition precedent, resulting in Xzeres having no contractual obligation to pay the promissory notes until its other debt is extinguished.

Xzeres has yet to pay off the bank debt arising from the credit agreement, meaning Xzeres simply has no obligation to satisfy the promissory notes at this time. When and if Xzeres pays off the bank debt, Plaintiffs will then be entitled to payment of all sums due under the promissory notes, including accrued interest. But, at present, Plaintiffs' claims are not ripe and should be dismissed.

## BACKGROUND

### A.    The Promissory Notes

On or about April 1, 2013, Plaintiffs each made loans to Xzeres in return for Xzeres execution of promissory notes (collectively, the "Notes").[1]  *See* Declaration, Ex. A-1.  Hagler loaned $561,824.00 to Xzeres, while Garff loaned $172,544.00 to Xzeres.  *See id.*  Xzeres initially agreed to repay the Notes by October 1, 2014.  *See id.*  Plaintiffs approved the loans and issuance of the Notes in their capacities as Directors of Xzeres and major shareholders.  *See* Declaration, Ex. A-5 (showing Plaintiffs served on the Xzeres Board of Directors in 2013).

### B.    First Amendments to the Notes

Due to Xzeres' declining financial condition, Xzeres obtained a line of credit loan from Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to a credit agreement.  *See* Complaint at 2-3; Declaration, Ex. A-6.  Plaintiffs consented in writing to the Wells Fargo credit agreement and recognized the arrangement as "desirable and in the best interests" of Xzeres.  *See* Declaration,

---

[1]  The Notes each contain a Nevada choice-of-law provision (*see* Declaration, Ex. A-1 at 1), more fully discussed *infra.*

PAGE 3    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
               MEMORANDUM IN SUPPORT

Ex. A-6.  And, as Plaintiffs concede, in order for Wells Fargo to make the line of credit loan, Plaintiffs were required to: (1) subordinate the Notes to Wells Fargo's line of credit, and (2) extend the maturity date of the Notes.  *See* Complaint at 2-3.

Accordingly, on August 21, 2014, Plaintiffs and Xzeres amended the Notes (the "First Amendments").  *See* Declaration, Ex. A-2; Complaint at 3, ¶ 8.  The First Amendments reference the Wells Fargo credit agreement as a basis for the amendments, and provide for the maturity and payment dates to be extended from October 1, 2014 to October 1, 2016.  *See id.*  Further, the Notes were subordinated to Xzeres' payment in full of the Wells Fargo line of credit.  *See id.*  Plaintiffs acknowledged there was sufficient consideration for the First Amendments, which expressly state they are supported by "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."  *See id.*

**C.    Second Amendments to the Notes**

In December of 2015, Xzeres decided to merge with an entity called "Xzeres Merger Sub, Inc.," with the surviving entity as a subsidiary of Xzeres Holdings, LLC ("Xzeres Holdings").  *See* Complaint at 3, ¶ 10.  Plaintiffs, as Directors of Xzeres, approved the merger and determined it was in the "best interests" of Xzeres and its stakeholders, including Plaintiffs. *See* Declaration, Ex. A-7.  To that end, Plaintiffs issued a written consent to the merger plan.  *See id.*

To effectuate the merger and reap its benefits, Plaintiffs agreed to amend the Notes again. Specifically, Plaintiffs agreed to amend the Notes to provide that Xzeres' was not obligated to pay the Notes until *after* Xzeres first paid off the Wells Fargo debt.  *See* Declaration, Ex. A-8. Plaintiffs initially requested payment on the Notes irrespective of when the Wells Fargo debt was paid, but their proposal was rejected.  *See id.* at 1-2.  On December 28, 2015, Plaintiffs were

PAGE 4    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
                 MEMORANDUM IN SUPPORT

informed payment of the Notes had to be "tied to the [Wells Fargo] payment as opposed to just [the] October date" identified in the First Amendment.  *See id.*

Plaintiffs agreed to this condition, and on or about December 29, 2015, Plaintiffs amended the Notes a second time (the "Second Amendments").  *See* Declaration, Ex. A-3; Complaint at 3, ¶ 11.  The recitals of the Second Amendments reflect the amendments were necessary as a closing condition of the Xzeres merger.  *See* Declaration, Ex. A-3.  Plaintiffs acknowledged sufficient consideration existed for the Second Amendments, which expressly state they are supported by "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."  *See id.*

Consistent with their purpose, the Second Amendments expressly conditioned and extended Xzeres' obligation to pay off the Notes until 90 days after Xzeres repaid the Wells Fargo line of credit, as follows:

> 2.  <u>Payment Date</u>. The following is hereby added to the end of the first paragraph of the Note: "Notwithstanding anything to the contrary contained herein, within 90 days following the date that the loan amounts (including principal balances up to $15,000,000) owed by the Maker to Wells Fargo and other lenders, or any successors or assignees or refinancing lenders thereof (the "**Senior Loans**"), are repaid in full, the outstanding balance of unpaid principal and accrued interest shall be paid in full.  The Maker shall provide the Holder with quarterly updates regarding the repayment status of the Senior Loans.

*See* Declaration, Ex. A-3.

Plaintiffs have correctly pleaded that Xzeres Holdings later assumed the Wells Fargo debt, thereby stepping into the shoes of Wells Fargo as a senior lender to Xzeres.  *See* Complaint at 3, ¶ 10.  Thus, the credit agreement debt is owed by Xzeres to Xzeres Holdings.  However, under the Second Amendments, payment of the Notes remains conditioned on Xzeres first

PAGE 5    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
           MEMORANDUM IN SUPPORT

repaying all credit agreement debt to Xzeres Holdings.  *See* Declaration, Ex. A-3.  The Second Amendments expressly provide the loan amounts owed "to Wells Fargo and other lenders, or any successors or assignees or refinancing lenders thereof," must be repaid in full before Plaintiffs are entitled to payment under the Notes.  *See id.*

### D.    Third Amendments to the Notes

Plaintiffs and Xzeres amended the Notes a third time in February of 2016 (the "Third Amendments").  *See* Declaration, Ex. A-4; Complaint at 4, ¶ 13.  The Third Amendments added a payment date of April 1, 2017.  *See id.*  However, the Third Amendments did not modify the condition precedent in the Second Amendments.  *See* Declaration, Exs. A-3—A-4.  In fact, the Third Amendments state that except as expressly amended, all other terms of the Notes, as previously amended, remained "in full force and effect."  *See* Declaration, Ex. A-4.  Consequently, the condition precedent found in the Second Amendments remains in place.  Xzeres payment of the Notes is not due until Xzeres first repays the Wells Fargo debt now held by Xzeres Holdings.  To date, the debt owed to Xzeres Holdings has not been paid off.  See Declaration at ¶ 6.

### E.    Plaintiffs' Original Complaint

As detailed above, Xzeres is not required to pay Plaintiffs the principal sum of the Notes (along with accrued interest) until Xzeres first repays the credit debt owed to Xzeres Holdings. Despite this, Plaintiffs prematurely filed their Original Complaint on February 28, 2018 (the "Complaint").  In their Complaint, Plaintiffs each asserted a claim for breach of contract against Xzeres.  Plaintiffs alternatively seek reformation of the Notes.  Further, Plaintiffs seek a declaration that all amendments to the Notes are unenforceable due to: (1) an alleged lack of sufficient consideration, and (2) and alleged lack of mutual contractual obligations.

PAGE 6    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
            MEMORANDUM IN SUPPORT

## LEGAL ARGUMENTS AND AUTHORITIES

**A.    Summary Judgment Standard**

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial."  *FLIR Sys., Inc. v. Sierra Media, Inc.*, 903 F. Supp. 2d 1120, 1128 (D. Or. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Although the Court must view evidence in the light most favorable to the non-movant, the non-movant "cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements."  *Id.* (citing *Hernandez v. Spacelabs Medical, Inc.,* 343 F.3d 1107, 1112 (9th Cir. 2003)).

**B.    Nevada Law Applies to Plaintiffs' Claims**

As an initial matter, the Notes are governed by Nevada law per the following choice-of-law provision:

> This Note shall be governed and construed in accordance with the laws of the state of Nevada without regard to conflict of law principles.[2]

*See* Declaration, Ex. A-1.

"A federal court sitting in diversity follows the choice-of-law rules of the state in which it sits."  *Mandviwala v. Five Star Quality Care, Inc.*, 723 F. App'x 415, 416 (9th Cir.) (2018); *see also First Mercury Ins. Co. v. Westchester Surplus Lines Ins. Co.*, 152 F. Supp. 3d 1320, 1323

---

[2]  None of the amendments modify or affect the Nevada choice-of-law provision in the Notes.

PAGE 7    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3188947/6/DPL/108308-0003

(D. Or. 2016) (applying Oregon law to choice-of-law provision in a diversity suit).[3]   Under Oregon law, courts "routinely enforce" choice-of-law-provisions unless the chosen state has no substantial relationship to the parties, or the application of the chosen state's law would be contrary to fundamental Oregon policy.   Neither exception applies here.   Nevada bears a substantial relationship to the parties primarily because Xzeres is incorporated under the laws of Nevada.   *See* Complaint 2, ¶ 3.   Plaintiffs both executed the Notes while serving as directors and shareholders for this Nevada corporation. *See* Declaration, Exs. A-1, A-5.   Additionally, Xzeres is unaware of any Oregon public policy conflicting with the choice-of-law provision in the Notes.   Accordingly, Nevada law governs Plaintiffs' claims relating to the enforceability of the Notes, as amended.

**C.      Plaintiffs' Breach of Contract Claim Fails Because Payment of the Notes is Not Yet Due.**

To prevail on their breach of contract claim, Plaintiffs must show the following: (1) the existence of a valid contract, (2) a breach of the contract by the defendant, and (3) damage as a result of the breach.   *See Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919 (D. Nev. 2006).

Per the agreed-upon terms of the Second Amendments, payment of the Notes is not due until 90 days after all "Senior Loans" are repaid in full.   *See* Declaration, Ex. A-3.   This includes the Wells Fargo line of credit debt assumed by Xzeres Holdings following the merger.   *See id.* (stating payment of the Notes is not due until Xzeres repays the line of credit to Wells Fargo "or any successors or assignees or refinancing lenders thereof.").

It is undisputed Xzeres has not paid off the line of credit now held by Xzeres Holdings. *See* Declaration at ¶ 6.   Accordingly, Xzeres has not breached the Notes because payment is not

---

[3]  Plaintiffs' Complaint relies on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3188947/6/DPL/108308-0003

yet due.  Although interest is accruing on the Notes in favor of Plaintiffs, Xzeres is not currently

obligated to make payment under the Notes and, therefore, no breach has occurred.  Without a

breach, Plaintiffs' breach of contract claims must fail.

**D.    The Amendments to the Notes Are Supported by Adequate Consideration, Including Mutual Contractual Obligations.**

Sensing their breach of contract claim is facially flawed, Plaintiffs also seek declarations

that each of the amendments are void for: (1) an alleged lack of consideration, or (2) and alleged

lack of mutuality of contractual obligations.  The undisputed facts show these arguments fail as a

matter of well-settled Nevada contract law.

**1.    *The amendments to the Notes are supported by adequate consideration.***

It is axiomatic that amendments to contracts require additional consideration.  *See Davis*

*v. Gomez*, 92 Nev. 629, 629, 555 P.2d 1228, 1228 (1976).  As a general rule, Nevada law strays

away from examining the adequacy or sufficiency of consideration.  "Consideration may be any

benefit conferred or any detriment suffered ..., and the law will not enter into an inquiry as to its

adequacy."  *Nyberg v. Kirby,* 65 Nev. 42, 188 P.2d 1006, 1010 (Nev.1948); *see also Oh v.*

*Wilson*, 112 Nev. 38, 42, 910 P.2d 276, 279 (1996).  Moreover, "inadequacy of consideration

standing alone **does not justify rescission of a contract or release**."  *Oh,* 112 Nev. at 42.  The

adequacy of consideration is only relevant to assessing matters such as fraud or lack of capacity.

*See id.*    This is because contracting parties "are thought to be better at evaluating the

circumstances of particular transactions."  *See id.*

Here, each of the amendments expressly state they are supported by "good and valuable

consideration, the receipt and sufficiency of which are hereby acknowledged."  *See* Declaration,

Exs. A-2—A-4.    The sufficiency of consideration recited in the amendments is not an

appropriate inquiry for the Court.

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

However, should the Court choose to analyze the adequacy of consideration recited in the amendments, each amendment is—in fact—supported by independent consideration.  With respect to the First Amendments, Plaintiffs <u>concede</u> such amendments were necessary for Xzeres to obtain a line of credit.  *See* Complaint at 2-3.  In other words, the First Amendments facilitated Xzeres' acquisition of a credit agreement that Plaintiffs described as "desirable" and in the "best interests" of Xzeres, its stockholders, and the Board of Directors.  *See* Declaration, Ex. A-6.  This is precisely why the First Amendments reference the "desirable" line of credit as the basis for the amendments.  *See* Declaration, Ex. A-2.  Similarly, the Second and Third Amendments were necessary to facilitate Xzeres' plan of merger, and were expressly required for the merger transaction.  *See* Declaration, Exs. A3—A-4.  Thus, the Second Amendments were necessary components of a merger that Plaintiffs describe as in the "best interests" of Xzeres, its stockholders, and the Board of Directors.  *See* Declaration, Ex. A-7.

In sum, Plaintiffs executed each of the amendments in order to benefit Xzeres, its stockholders, and the Board of Directors.  In return for a line of credit and a merger, Plaintiffs agreed to delay Xzeres' payment obligation under the Notes.  Forbearance itself constitutes sufficient consideration for modifying a contract under Nevada law.  *See Mazzuca v. Fund Ins. Companies,* 90 Nev. 409, 411, 528 P.2d 705, 706 (1974); *Union Oil Co. of California v. Terrible Herbst, Inc.,* 331 F.3d 735, 741 (9th Cir. 2003) (Nevada law).  Bearing in mind Plaintiffs' status as Directors and stockholders of Xzeres at the time of the amendments, the amendments to the Notes are supported by adequate consideration.

### 2.    *The Notes are supported by mutual contractual obligations.*

Plaintiffs further seek a declaration that the amendments to the Notes are unenforceable due to an alleged lack of "mutuality of contractual obligations."  *See* Complaint at 5-6.

PAGE 10  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
            MEMORANDUM IN SUPPORT

Mutuality of obligation "requires that unless both parties to a contract are bound, neither is bound." *Serpa v. Darling*, 107 Nev. 299, 303 (1991). A contract is unenforceable only where one party is **never** obligated to perform, meaning "no valid contract could possibly have come into existence." *See, e.g., Sala & Ruthe Realty, Inc. v. Campbell*, 89 Nev. 483, 487, 515 P.2d 394, 396 (1973) (holding contract failed for lack of mutual obligations, where contract was never actually formed because of a failed condition precedent).

In short, Plaintiffs' lack of mutuality theory requires a showing that the amendments are void *ab initio* because they never became valid or effective. Plaintiffs have not, and cannot, make such a showing. To the contrary, Xzeres is unequivocally obligated to make payment under the Notes once it fully satisfies and pays off the line of credit debt—but not before. Because a valid contract exists between the parties (*i.e.*, the Notes, as amended), this is not a situation where "no valid contract could possibly have come into existence." *See Campbell*, 89 Nev. at 487. Xzeres' performance under the Notes is simply not yet due. Plaintiffs' mutuality theory overlooks the fundamental principle that contracting parties "may incorporate into the agreement a 'condition precedent'—that is, an event that must occur before the promisor becomes obligated to perform." *Cain v. Price*, 134 Nev. Adv. Op. 26, 415 P.3d 25, 28 (2018). The amendments created an enforceable condition precedent between the parties. Although this condition affects the *timing* of Xzeres' performance, it does not leave Xzeres without any contractual obligations.

E.    **Plaintiffs Are Not Entitled to Reformation of the Notes.**

Finally, Plaintiffs seek reformation of the Notes based on purported unilateral "mistakes" on their part in executing the Second and Third Amendments. *See* Complaint at 8-9. Plaintiffs first allege they did not intend to execute the Second Amendments, wherein Plaintiffs agreed

PAGE 11   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
          MEMORANDUM IN SUPPORT

Xzeres' obligation to pay under the Notes did not arise until 90 days after paying off the line of credit.  *See id.* at 8.  Plaintiffs' argument is expressly refuted by the plain language of the Second Amendments, as well as the circumstances surrounding the execution of the amendments.  *See* Declaration, Ex. A-8.  The undisputed evidence establishes the execution by Plaintiffs of the Second Amendments was a requirement to closing Xzeres' merger transaction, a transaction that Plaintiffs approved and benefited from.  *See* Declaration, Ex. A-7.  Conveniently, Plaintiffs also contend they mistakenly failed to remove the extension and condition precedent provisions in the Second Amendments when executing the Third Amendments.  *See* Complaint at 9.

"Nevada courts recognize a remedy of reformation of contract when one party is mistaken as to the writing's contents or effect and the other party, although aware of the mistake, says nothing to correct the mistake."  *Talbot v. Sentinel Ins. Co.*, 2012 WL 3995562, at *4 (D. Nev. Sept. 10, 2012) (citing *NOLM, LLC v. Cnty. of Clark,* 100 P.3d 658, 661 (Nev. 2004)).  Further, "[i]f a party's manifestation of assent is **induced** by the other party's fraudulent misrepresentation as to the contents or effect of a writing evidencing or embodying in whole or in part an agreement, the court at the request of *the recipient may reform the writing." NOLM,* 100 P.3d at 661 (emphasis added).

There is no competent evidence to support the contention that Plaintiffs were induced to execute the Second and Third Amendments by a "fraudulent misrepresentation as to the contents or effect of a writing."  *See NOLM*, 100 P.3d at 661.  There is likewise no evidence establishing the Second and Third Amendments were executed through *mutual* mistake.  To the contrary, and as more fully discussed in section (D)(1) *supra*, the Second and Third Amendments were executed by Plaintiffs, in their capacities as Xzeres directors and stockholders, for good and

PAGE 12  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
               MEMORANDUM IN SUPPORT

valuable consideration.  Plaintiffs have no basis for reformation of the parties' bargained-for-exchanges as set forth in the Notes and the amendments.

## CONCLUSION

WHEREFORE, Defendant Xzeres Corp. respectfully requests the Court grant its Motion for Summary Judgment, and dismiss with prejudice all claims and causes of action asserted by Plaintiffs against Xzeres, and grant such other relief as may be appropriate.

**DATED** this 12th day of February, 2019.

ATER WYNNE LLP


By: s/ Daniel P. Larsen
    Daniel P. Larsen, OSB #943645
    Email:  dpl@aterwynne.com
    1331 NW Lovejoy Street, Suite 900
    Portland, OR 097209-3280
    Tel:  503/226-1191; Fax:  503/226-0079

**GRAY REED & McGRAW LLP**

    James J. Ormiston (*Pro Hac Vice*)
    Email:  jormiston@grayreed.com
    Michael A. Ackal, III (*Pro Hac Vice*)
    Email:  mackal@grayreed.com
    1300 Post Oak Boulevard, Suite 2000
    Houston, TX 77065
    Tel:  713/986-7000; Fax:  713/986-7100

**Attorneys for Defendant Xzeres Corp.**

PAGE 13   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
    MEMORANDUM IN SUPPORT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3188947/6/DPL/108308-0003

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

      Nicholas J. Henderson
      Jeremy G. Tolchin
      MOTSCHENBACHER & BLATTNER LLP
      117 SW Taylor Street, Suite 300
      Portland, OR  97204

      *Attorneys for Plaintiffs*

**DATED** this <u>12th</u> day of February, 2019.

<u>s/ Daniel P. Larsen</u>
Daniel P. Larsen, OSB #943645
Attorneys for Defendant Xzeres Corp.

PAGE 1     CERTIFICATE OF SERVICE