**Daniel P. Larsen**, OSB No. 943645
E-mail:  dpl@aterwynne.com
**ATER WYNNE LLP**
1331 N.W. Lovejoy Street, Suite 900
Portland, OR  97209-3280
Tel:  503/226-1191; Fax:  503/226-0079

**James J. Ormiston** (*Pro Hac Vice*)
E-mail:  jormiston@grayreed.com
**Michael A. Ackal, III** (*Pro Hac Vice*)
E-mail:  mackal@grayreed.com
**GRAY REED & McGRAW LLP**
1300 Post Oak Boulevard, Suite 2000
Houston, TX  77056
Tel:  713/986-7000; Fax:  713/986-7100

Attorneys for Defendant Xzeres Corp.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROBERT N. GARFF**, an individual; and **WILLIAM N. HAGLER**, as Trustee for the William N. & Jean S. Hagler Trust, a New Mexico Trust,<br><br>Plaintiffs,<br><br>v.<br><br>**XZERES CORP.**, a Nevada corporation,<br><br>Defendant. | Case No. 3:18-cv-00360-MO<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Xzeres Corp.   ("Xzeres") files this Response to the Motion for Partial Summary Judgment [Dkt. 25] filed by Plaintiffs Robert N. Garff ("Garff") and William H.

PAGE 1 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
            SUMMARY JUDGMENT

Hagler, as Trustee for the William N. & Jean S. Hagler Trust ("Hagler") (collectively, "Plaintiffs"), and respectfully states as follows:

OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

Pursuant to Local Rule 56-1, Xzeres objects to Plaintiffs' summary judgment evidence as follows:

**A.    Objections to Hagler's Declaration [Dkt. 27]**

Hagler submitted a declaration made by his son, Randall B. Hagler ("Declarant").  Hagler is the former trustee for the William N. & Jean S. Hagler Trust, and Declarant assumed the role of trustee "in the latter part of 2018."  *See* Dkt. 27 at ¶ 1.

### *1.    Objection to lack of personal knowledge*

Declarant contends his declaration is based on "personal knowledge" from his "review of the file."  *See id.* at ¶¶ 1, 9.  However, the entire declaration should be stricken because Declarant is a stranger to the relevant promissory note and all amendments thereto, the last of which took place in February 2016.  *See id.* at ¶ 7.  Declarations are not competent summary judgment evidence without proof establishing personal knowledge.  *See Schulz v. Visionary Properties, Inc.*, 2015 WL 7756015, at *4 (D. Or. Dec. 1, 2015) (citing *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006)); *see also* FED. R. EVID. 602.

Here, Declarant does not even allege he was privy to negotiations and circumstances surrounding Hagler's execution of the promissory note and amendments.  A retroactive "review of the file" does not qualify as personal knowledge of these negotiations and circumstances.  *See* Dkt. 27 at ¶ 9.  Accordingly, the declaration should be stricken in its entirety.

## 2.    Objections to conclusory statements

Xzeres further objects to the first, third, and fourth sentences of Paragraphs 4, 6, and 8 of the declaration, along with the entirety of paragraph 9.  These statements should be stricken because they are self-serving, conclusory statements of law. *See Nat'l Steel Corp. v. Golden Eagle Ins. Co*., 121 F.3d 496, 502 (9th Cir. 1997)*; Clooney v. Edwards*, 15 F.3d 1083 (9th Cir. 1994) ("The object of [Fed. R. Civ. P. 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Declarant contends Hagler "did not receive anything" when amending the relevant promissory note, and the amendments were "solely gratuitous."  *See* Dkt. 27 at ¶¶ 4, 6, 8-9.  These statements amount to legal conclusions – improperly couched as facts – regarding the contractual consideration Hagler purportedly did not receive.  Consideration relates to contract formation and is therefore a question of law for the Court to determine.  *See Wall Data Inc. v. Los Angeles Cty. Sheriff's Dep't*, 447 F.3d 769, 786 (9th Cir. 2006) ("contract formation and interpretation are questions of law for the court to determine.").  Thus, the statements do not qualify as competent summary judgment evidence.  *See S.E.C. v. 3 Eagles Research & Dev. LLC*, 2014 WL 1269489, at *7 (D. Or. Mar. 26, 2014) (conclusory legal allegations without factual support do not qualify as summary judgment evidence).

## B.    Objections to conclusory statements in Garff's Declaration [Dkt. 26]

Xzeres objects to the first, third, and fourth sentences of Paragraphs 3, 5, and 7 of the Garff declaration, along with the entirety of paragraph 8.  These statements should be stricken because they are self-serving, conclusory statements of law. *See Nat'l Steel Corp.*, 121 F.3d at 502; *Clooney,* 15 F.3d at 1083 ("The object of [Fed. R. Civ. P. 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

PAGE 3 -    DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

Garff contends he "did not receive anything" when amending the relevant promissory note, and the amendments were "solely gratuitous." *See* Dkt. 27 at ¶¶ 3, 5, 7-8. These statements amount to legal conclusions – improperly couched as facts – regarding the contractual consideration Garff purportedly did not receive. Consideration relates to contract formation and is therefore a question of law for the Court to determine. *See Wall Data Inc.,* 447 F.3d at 786 ("contract formation and interpretation are questions of law for the court to determine."). Thus, the statements do not qualify as competent summary judgment evidence. *See 3 Eagles Research & Dev. LLC*, 2014 WL 1269489 at *7 (conclusory legal allegations without factual support do not qualify as summary judgment evidence).

## CERTIFICATE OF CONFERENCE FOR OBJECTIONS

Pursuant to Local Rule 7-1(a), on March 4, 2019, counsel for Xzeres conferred in good faith with counsel for Plaintiffs regarding Xzeres' objections to Plaintiffs' summary judgment evidence, and all issues contained therein, but were unable to resolve the objections.

## SUMMARY OF ARGUMENT

While they were Xzeres stockholders and board members, Plaintiffs loaned money to Xzeres documented through promissory notes. Thereafter, Plaintiffs exercised their control as Xzeres board members by approving certain Xzeres business decisions in hopes of improving Xzeres' financial health, and in turn, benefitting Plaintiffs themselves. To reap the benefits of these business decisions, Plaintiffs amended the notes on multiple occasions. Plaintiffs first amended the notes to facilitate Xzeres receiving a line of credit from a bank, specifically by extending the maturity and due dates of the notes. Plaintiffs amended the notes a second time to facilitate Xzeres' merger with another company. As a condition of the merger, Plaintiffs extended the maturity and due dates of the notes until 90 days *after* Xzeres paid off the credit

agreement debt.  Xzeres has yet to pay off the credit agreement debt, meaning payment on the

promissory notes is not yet due.    But after approving these Xzeres business decisions and

amending the notes to facilitate same, Plaintiffs now contend they amended the notes without

receiving additional consideration.    Plaintiffs' argument fails for the following independent

reasons:

1.    The amendments did not require independent consideration because Plaintiffs had the express authority to modify or extend the payment terms of the promissory notes.

2.    Nevada law views "any benefit conferred" as valid consideration for contract amendments.  Here, in their roles as Xzeres stockholders and board members, Plaintiffs amended the promissory notes in order to facilitate the credit agreement and merger.  Obtaining the loan and accomplishing the merger were benefits to Plaintiffs constituting valid consideration.

3.    When a contract expressly recites sufficient consideration, and enables the Court to "fairly imply" that consideration, the contact is enforceable.  Here, each of the amendments expressly recites sufficient consideration, and even identify the actual consideration Plaintiffs received (the credit agreement and merger).

### EVIDENCE IN SUPPORT OF RESPONSE

In support of this Response, Xzeres fully incorporates by reference the Declaration of

Jeffrey Bittenbinder [Dkt. 24] and the exhibits attached thereto [Dkt. 24-1 through 24-8], which

were filed in support of Xzeres' Motion for Summary Judgment [Dkt. 23] on February 12, 2019.

### BACKGROUND

**A.    The promissory notes**

On or about April 1, 2013, Plaintiffs each made loans to Xzeres in return for Xzeres'

execution of promissory notes (collectively, the "Notes").  *See* Dkt. 24-1.  Hagler loaned

$561,824 to Xzeres, while Garff loaned $172,544 to Xzeres.  *See id.*  Xzeres initially agreed to

repay the Notes by October 1, 2014.  *See id.*  Plaintiffs approved the loans and issuance of the

Notes in their capacities as Directors of Xzeres and major stockholders.  *See* Dkt. 24-5 (showing

PAGE 5 -    DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
                  SUMMARY JUDGMENT

Plaintiffs served on the Xzeres Board of Directors in 2013). Notably, the Notes afford Plaintiffs, as "Holders," the exclusive authority to extend or modify payment terms for the Notes:

> All parties hereto consent to, and **Holder is expressly authorized to make**, without notice, any and all renewals, **extensions, modifications or waivers of the time for or the terms of payment** of any sum or sums due hereunder.

*See* Ex. 24-1 (emphasis added).[1]

## B.    First amendments to the Notes

Due to Xzeres' declining financial condition, Xzeres obtained a line of credit loan pursuant to a credit agreement with Wells Fargo Bank, N.A. ("Wells Fargo"). *See* Complaint at 2-3; Dkt. 24-6. Plaintiffs consented in writing to the credit agreement and referenced the agreement as "desirable and in the best interests" of Xzeres. *See* Dkt. 24-6. And, as Plaintiffs concede, in order for Xzeres to receive the line of credit loan, Plaintiffs were required to: (1) subordinate the Notes to the Wells Fargo line of credit, and (2) extend the maturity date of the Notes. *See* Complaint at 2-3.

Reflecting this bargained-for exchange, on August 21, 2014, Plaintiffs exercised their authority to extend the due date of the Notes (the "First Amendments"). *See* Dkt. 24-2; Complaint at 2-3. The First Amendments reference the Wells Fargo credit agreement as a basis for the amendments, and extended the maturity and due dates from October 1, 2014 to October 1, 2016. *See* Dkt. 24-2. Further, the Notes were subordinated to Xzeres' payment in full of the line of credit. *See id.* Plaintiffs acknowledged they received sufficient consideration for the First Amendments, which expressly state they are supported by "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." *See id.*

---

[1]    None of the subsequent amendments altered this right held by Plaintiffs. *See* Dkt. 24-2 through 24-4.

PAGE 6 -    DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
            SUMMARY JUDGMENT

**C.    Second amendments to the Notes**

In December of 2015, Xzeres decided to merge with an entity called "Xzeres Merger Sub, Inc.," with the surviving entity as a subsidiary of Xzeres Holdings, LLC ("Xzeres Holdings"). *See* Complaint at 3, ¶ 10. Plaintiffs, as Directors of Xzeres, considered the merger and determined it was "advisable" and in the "best interests" of Xzeres and its stockholders – which includes Plaintiffs themselves. *See* Dkt. 24-7. To that end, Plaintiffs issued a written consent to the merger plan. *See id.*

To effectuate the merger and reap its benefits, Plaintiffs again exercised their authority to amend the due dates of the Notes. Specifically, Plaintiffs agreed to amend the Notes to provide that Xzeres was not obligated to pay the Notes until 90 days after Xzeres fully paid off the Wells Fargo line of credit. *See* Docs. 24-3, 24-8. During the negotiations, Plaintiffs initially requested payment on the Notes irrespective of when the debt was paid off, but their proposal was rejected as part of the bargained-for exchange. *See* Dkt. 24-8. Specifically, on December 28, 2015, Plaintiffs were informed payment of the Notes had to be "tied to the [Wells Fargo] payment as opposed to just [the] October [due] date" identified in the First Amendment. *See id.*

Plaintiffs agreed to this condition, and on or about December 29, 2015, Plaintiffs amended the Notes a second time to memorialize the agreement (the "Second Amendments"). *See* Dkt. 24-3; Complaint at 3, ¶ 11. The recitals of the Second Amendments reflect the amendments were necessary as a condition to closing of the Xzeres merger. *See* Dkt. 24-3. Just like the First Amendments, Plaintiffs acknowledged sufficient consideration in the Second Amendments, which expressly state they are supported by "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." *See id.*

Consistent with their purpose, the Second Amendments expressly conditioned and extended Xzeres' obligation to pay off the Notes until 90 days after Xzeres repaid the Wells Fargo line of credit.  *See* Dkt. 24-3.  To date, Xzeres has not paid off this debt.  *See* Dkt. 24 at ¶ 6.

## D.    Third amendments to the Notes

Plaintiffs and Xzeres amended the Notes a third time in February of 2016 (the "Third Amendments").[2]  *See* Dkt. 24-4; Complaint at 4, ¶ 13.  The Third Amendments added a payment date of April 1, 2017, but did not modify the condition precedent in the Second Amendments, which requires the Wells Fargo line of credit be paid off before the Notes are due.  *See* Dkt. 24-3, 24-4.[3]  The Third Amendments state that except as expressly amended, all other terms of the Notes, as previously amended, remained "in full force and effect."  *See* Dkt. 24-4.

## E.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed their Motion for Partial Summary Judgment ("Motion") on February 12, 2019.  Notably, Plaintiffs agreed with Xzeres' summary of the Notes and all Amendments.  *See* Motion at 2.  That aside, the Motion is based on a single argument: Plaintiffs contend all the

---

[2]    The First, Second, and Third Amendments are collectively referred to as the "Amendments."

[3]    Plaintiffs do not dispute the condition precedent in the Second Amendments was unaffected by the Third Amendments.  In fact, Plaintiffs allege they "attempted to rectify" the condition precedent in the Second Amendments, but acknowledge they "mistakenly failed to correct" the condition precedent in the Third Amendments.  *See* Complaint at 8, ¶ 39.  Notably, if the First and Second Amendments were not bargained-for exchanges, as alleged, there would be no need or reason to "attempt[] to rectify" them through the Third Amendments.

PAGE 8 -    DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

Amendments are unenforceable because Plaintiffs "received nothing" in the form of bargained-for consideration.[4]

**ARGUMENTS AND AUTHORITIES**

Xzeres' primary defense in this case is simple: payment is not yet owed on the Notes. Specifically, the Second Amendments state payment on the Notes is not due until 90 days after the Wells Fargo debt is paid off. *See* Dkt. 24-3. Xzeres has not paid off this debt, meaning Plaintiffs' claims are not ripe. *See* Dkt. 24 at ¶ 6. Xzeres only needs to raise a fact issue on consideration in the First and Second Amendments in order to warrant denial of Plaintiffs' Motion because the Third Amendments do not affect the condition precedent in the Second Amendments.[5] Nonetheless, the Amendments are supported by adequate consideration, as a matter of law, for several reasons.

**A.    No consideration was required for the Amendments.**

The Notes provide Plaintiffs with the authority to extend or modify payment terms of the Notes, as follows:

> All parties hereto consent to, and **Holder is expressly authorized to make**, without notice, any and all renewals, **extensions, modifications or waivers of the time for or the terms of payment of any sum or sums due hereunder.**

\\*See* Ex. 24-1 (emphasis added).[6]

---

[4]    Plaintiffs' Motion relies on Nevada law. Xzeres agrees Nevada law applies, as set forth in its Motion for Summary Judgment [Dkt. 23], because the Notes contain an enforceable Nevada choice-of-law provision. *See* Dkt. 24-1 ("This note shall be governed by and construed in accordance with the laws of the state of Nevada.").

[5]    As noted *supra*, Xzeres' primary defense is based on the Second Amendments, which state repayment of the Notes is not due until 90 days after Xzeres pays of debt associated with the line of credit. *See* Dkt. 24-3.

[6]    None of the subsequent Amendments altered this right held by Plaintiffs. *See* Dkt. 24-2 through 24-4.

In light of this contractual language quoted above, no consideration was required for the Amendments.  "Although the general rule is that modification must be supported by additional consideration, the parties to a contract may delegate to one of the contracting parties the power to alter or amend the contract, and such a delegation does not … require additional consideration to support the amendments."  *Baroi v. Platinum Condo. Dev., LLC*, 2012 WL 2847912, at *5 (D. Nev. July 11, 2012) (denying partial summary judgment arguing amendment lacked independent consideration) (citing *Facebook, Inc. v. Pac. NW. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011) (applying California law); *Lamb v. Emhart Corp.*, 47 F.3d 551, 559-60 (2d Cir. 1995)).

Plaintiffs' Motion must be denied for the simple fact it ignores Plaintiffs' express authority to modify or extend the payment terms of the Notes, which Nevada law permits without independent consideration.  *See* Ex. 24-1.  Plaintiffs' contractual right to extend the due date of the notes, once exercised, precludes Plaintiffs from alleging the Amendments fail for lack of consideration.

**B.    Alternatively, the First and Second Amendments resulted in benefits to Plaintiffs as Xzeres board members and stockholders.**

> **1.    *Consideration includes any benefit conferred, and Nevada law does not inquire into its adequacy or sufficiency.***

Even assuming *arguendo* the Amendments required independent consideration, Nevada courts have repeatedly instructed "consideration may be **any** benefit conferred or any detriment suffered ... and the law will not enter into an inquiry as to its adequacy."  *See Kaufman v. Pub. Restroom Co.*, No. 68970, 2017 WL 1214492, at *2 (Nev. App. Mar. 22, 2017) (citing *Nyberg v. Kirby,* 65 Nev. 42, 188 P.2d 1006, 1010 (Nev.1948)); *see also Oh v. Wilson*, 112 Nev. 38, 42, 910 P.2d 276, 279 (1996)*.*  The adequacy of consideration is only relevant to assessing matters such as fraud or lack of capacity – which are not at issue here.  *See Oh,* 112 Nev. at 42.  This is

PAGE 10 -   DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
              SUMMARY JUDGMENT

because contracting parties "are thought to be better at evaluating the circumstances of particular transactions." *See id.* Because consideration may be "any benefit conferred," valid consideration manifests itself in a number of forms, including "an act other than a promise," forbearance, or the creation or modification of a legal right. *See Kaufman*, 2017 WL 1214492 at *2; *see also Sw. Gas Corp. v. Ahmad*, 99 Nev. 594, 597, 668 P.2d 261, 263 (1983).

Based on the foregoing principles, Plaintiffs cannot prove they "received nothing" in the form of consideration. Consideration must be analyzed from the perspective that Plaintiffs executed the Amendments while they were: (a) Xzeres stockholders, and (b) Xzeres board members with authority to control and approve Xzeres business decisions. In these capacities, Plaintiffs were in the best position to evaluate the circumstances of their transactions with Xzeres. *See Oh,* 112 Nev. at 42.

### 2. *Plaintiffs amended the Notes to facilitate and benefit from Xzeres business decisions.*

Plaintiffs benefitted from the First Amendments as Xzeres stockholders and board members. Plaintiffs concede the First Amendments were necessary for Xzeres to obtain a line of credit. *See* Complaint at 2-3, ¶ 8. After considering the credit agreement, Plaintiffs characterized the credit agreement as "desirable" and in the "best interests" of Xzeres, its stockholders, and the Board of Directors. *See* Dkt. 24-6. In other words, the First Amendments facilitated Xzeres' acquisition of a credit agreement that Plaintiffs described as beneficial to themselves. *See id.* This is precisely why the First Amendments reference the "desirable" line of credit as the basis for the amendments. *See* Dkt. 24-2.

Similarly, the Second Amendments conferred a benefit to Plaintiffs as Xzeres stockholders and board members. The Second Amendments were necessary to accomplish Xzeres' plan of merger, and were expressly required for the merger transaction. *See* Dkt. 24-3.

PAGE 11 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
          SUMMARY JUDGMENT

Just like the credit agreement, Plaintiffs "considered the fairness" of the merger agreement, and described it as "advisable" and "in the best interests" of Xzeres, its stockholders, and the Board of Directors. *See* Dkt. 24-7. To that end, the Second Amendments state they were executed as a "closing condition" of the merger. *See* Dkt. 24-3.

Accordingly, Plaintiffs did not execute the First or Second Amendments for "nothing." *See* Motion at 2. The First Amendments were required to obtain the line of credit, and the Second Amendments were a closing condition to the merger agreement. *See* Docs. 24-2, 24-3. Plaintiffs executed these amendments in order to benefit Xzeres, its stockholders, and the Board of Directors, including themselves.

**C.    Alternatively, express language in the First and Second Amendments establishes sufficient consideration as a matter of law.**

Again assuming *arguendo* that the Amendments required independent consideration, express language in the First and Second Amendments precludes summary judgment for Plaintiffs. The First and Second Amendments were both executed for, and recite, "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." *See* Dkt. 24-2, 24-3. These amendments also describe the actual consideration received by Plaintiffs. *See id.* The recitation of adequate consideration in the First and Second Amendments is fatal to Plaintiffs' Motion.

Plaintiffs rely on one opinion, *Hicks v. Dairyland Ins. Co.,* for the proposition that consideration is required "even if the document memorializing the agreement says it is for 'value received.'" *See* Motion at 6 (citing *Hicks v. Dairyland Ins. Co.*, 2010 WL 2541175, at *6 (D. Nev. Mar. 3, 2010), *aff'd* 441 F. App'x 463 (9th Cir. 2011)). In *Hicks,* an assignment of rights stated it was "for value received," but did not express any of the purported consideration received by the assignor. *See Hicks*, 2010 WL 2541175, at *5. There was no other evidence of

PAGE 12 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

any benefit received by the assignor. *See id.* at *5-6. Thus, standing alone, the "for value received" reference in the assignment of rights did not establish sufficient consideration. *See id.*

Subsequent Nevada opinions expand on this principle. Specifically, where consideration "can be fairly implied" from a contract, an expression of sufficient consideration creates an enforceable contract. *See, e.g., Bank of Am., N.A. v. Malibu Canyon Inv'rs, LLC*, 2012 WL 3561977, at *5 (D. Nev. Aug. 15, 2012); *Woori Am. Bank v. Sahara Westwood Hotel, LLC*, 2011 WL 2295072, at *4 (D. Nev. June 8, 2011). One Nevada district court explained the following in the context of a guaranty:

> Bean acknowledged that the Guaranty was given '[f]or good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make Loan to Borrower,' and words of this type are a sufficient expression of consideration. Consideration can be fairly implied from the language of the instrument.

*See Malibu Canyon Inv'rs, LLC*, 2012 WL 3516977 at *5 (emphasis added) (internal citations omitted). These cases reflect the long-standing rule set forth by the Supreme Court of Nevada— a recital of valid consideration makes a contract enforceable "if the consideration can be fairly implied from the language of the contract." *See White Sewing Mach. Co. v. Fowler*, 28 Nev. 94, 78 P. 1034, 1034 (1904).

The First and Second Amendments both state they are for "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." *See* Docs. 24-2 through 24-4. So long as the Court is able to "fairly imply" the consideration supporting the First and Second Amendments, the amendments are enforceable. *See Fowler*, 28 Nev. 94; *Malibu Canyon Inv'rs, LLC*, 2012 WL 3516977 at *5. Here, there is no need to "fairly imply" the consideration because the ***actual*** consideration is identified in each of the First and Second Amendments. The First Amendments expressly reference the credit agreement, and the Second

PAGE 13 -  DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL
          SUMMARY JUDGMENT

Amendments expressly reference the merger agreement.  *See* Dkt. 24-2, 24-3. Based on this

language, the First and Second Amendments are supported by valid consideration as a matter of

law.

## CONCLUSION

WHEREFORE, Defendant Xzeres Corp. respectfully requests the Court deny Plaintiffs'

Motion for Partial Summary Judgment, and grant such other relief as may be appropriate.

**DATED** this 5<u>th</u> day of March, 2019.

**ATER WYNNE LLP**


By: <u>s/ Daniel P. Larsen</u>
    Daniel P. Larsen, OSB No. 943645
    Email:  dpl@aterwynne.com
    Daniel L. Lis, OSB No. 162257
    1331 N.W. Lovejoy Street, Suite 900
    Portland, OR 097209-3280
    Tel:  503/226-1191; Fax:  503/226-0079

**GRAY REED & McGRAW LLP**


    James J. Ormiston (*Pro Hac Vice*)
    Email:  jormiston@grayreed.com
    Michael A. Ackal, III (*Pro Hac Vice*)
    Email:  mackal@grayreed.com
    1300 Post Oak Boulevard, Suite 2000
    Houston, TX 77065
    Tel:  503/986-7000; Fax:  713/986/7100

    ATTORNEYS FOR DEFENDANT XZERES CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT'S RESPONSE**

**TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to the following

persons:

> Nicholas J. Henderson
> Jeremy G. Tolchin
> MOTSCHENBACHER & BLATTNER LLP
> 117 S.W. Taylor Street, Suite 300
> Portland, OR  97204
> **Attorneys for Plaintiffs**

**DATED** this 5<u>th</u> day of March, 2019.

s/ Daniel P. Larsen
Daniel P. Larsen, OSB No. 943645
Attorneys for Defendant Xzeres Corp.

CERTIFICATE OF SERVICE